## TALLMADGE *et al. v.* LOUNSBURY.

(*Superior Court of New York City, General Term.* March 2, 1891.)

REFERENCE—REPORT OF REFEREE.

Within 60 days from the time the cause was submitted to a referee to hear and determine, there was filed a document, made by the referee, which was in its beginning a statement of reasons for his final action, and it ended: "For the reasons stated, I am forced to the conclusion that, whoever may owe the bill in suit, the defendant certainly does not, and I therefore believe the bill ought to be dismissed upon the merits, with costs; judgment accordingly." *Held*, that this was substantially a direction that there should be judgment for defendant that the complaint be dismissed, and the document should be treated as a report, though it contained

no findings of fact, and for that reason was an insufficient foundation of a judgment; and the reference could not be terminated on notice as for a failure to file a report within 60 days, as provided by Code Civil Proc. N. Y. § 1019.

Appeal from special term.

. Daniel W. Tallmadge and another sued Phineas C. Lounsbury, as treasurer of respondent, the Republican League of the United States. Judgment was rendered against plaintiff, who appealed from order denying motion to vacate a judgment against him. For former report, see 10 N. Y. Supp. 129.

Argued before SEDGWICK, C. J., and TRUAX and DUGRO, JJ.

Alexander S. Bacon, for appellant. Blanchard, Gay & Phelps, for respondents.

PER CURIAM. The action had been referred to a referee to hear and determine. Within 60 days from the time the cause was submitted there was filed a document made by the referee. This was assumed to be a decision or report of the referee, and upon it judgment was entered in favor of the defendants. After the expiry of the 60 days, a notice was given to end the reference, on the ground that no report had been filed with the clerk, or delivered to one of the attorneys, as provided by section 1019, Code Civil Proc.; and thereupon the motion below 'was made and denied. The ground taken by the plaintiff was that the document referred to was not a decision or report of the referee, within the meaning of the Code. That document was in its beginning a statement by the referee of reasons for his final action, and it ended: "For the reasons stated, I am forced to the conclusion that, whoever may owe the bill in suit, the defendant certainly does not, and I therefore believe the bill ought to be dismissed upon the merits, with costs. Judgment accordingly." This is substantially a direction that there should be judgment for the defendants that the complaint should be dismissed. Although it is the case that the documents contained no findings of fact, as required by the Code, this omission did not prevent the document having the character of a report, even if such report be extremely imperfect, and an insufficient foundation of a judgment. The referee had made, within the intent of section 1019, his report within the 60 days, and, having made it such as it was, the plaintiff was not entitled to end the reference, and to have the cause proceed as if there had been no reference. The judge below, therefore, was right in refusing to vacate the judgment under the notice given. This conclusion leaves the parties to the appropriate remedy, in a case where there has been a report, and judgment upon it cannot be entered properly. To the case, as it was presented by the motion, it was immaterial that the decision had not been made part of the judgment roll. Under section 1019, it was enough that the decision had been filed within 60 days. Order affirmed, with $10 cost. All concur.